UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARC TAYLOR,<br><br>            Plaintiff,<br><br>   v.<br><br>GOODWIN & ASSOCIATES HOSPITALITY SERVICES, LLC, and ERIC GOODWIN,<br><br>            Defendants. | CASE NO. C 14-5098 KLS<br><br>ORDER DISMISSING PLAINTIFF'S CLAIMS FOR *FORUM NON CONVENIENS* |

Goodwin & Associates filed a motion to dismiss or, in the alternative, to transfer venue to New Hampshire. Dkt. 13. The Court held argument on the motion on July 18, 2014 and subsequently denied the motion to dismiss the original complaint. Dkt. 26. The Plaintiff was given an opportunity to file an amended complaint and that has now been done.

The Court did not rule on the motion to transfer venue and that portion of the Defendants motion remains for decision.

In their motion to transfer, the Defendants "request that the Court exercise its powers under 28 U.S.C. § 1404(a) to transfer this action to the Federal District of New Hampshire."

Dkt. 13, p. 19.  At the time the motion to transfer was filed, the Defendants had filed a claim against the Plaintiff in the State of New Hampshire "consistent with the choice-of-law and venue clause within the contract between Taylor and Goodwin Hospitality."  Dkt. 14, p. 4 (Declaration of Eric Goodwin).  That case was subsequently removed to federal court in New Hampshire by Marc Taylor.  However, during the oral argument, the Court was advised that the Defendants had voluntarily dismissed the federal litigation which had been pending in New Hampshire.  So, this case is the only litigation pending between the parties.

The Defendants request the Court exercise its authority pursuant to 28 U.S.C. § 1404(a) which provides as follows:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all the parties have consented.

In addition to relying on 28 U.S.C. § 1404(a), however, the Defendants also rely on what they characterize as a forum selection clause contained in the Independent Contractor Agreement (ICA) (Dkt. 28-1, p. 1, attachment to amended complaint).  Specifically, section 6 of the ICA reads as follows:

> "Compliance with laws:  the parties shall perform all respective actions under the jurisdiction of the state of New Hampshire."

The Plaintiff disputes the existence of a forum selection clause and points to the Covenant Not To Compete (Dkt. 28-2, p. 1, attachment to Plaintiff's amended complaint) which only contains a choice of law clause and not a forum selection clause.  The Plaintiff did not address section 6 of the ICA.  The Court finds that section 6 of the ICA is a forum selection clause.

The Court notes that both the Covenant Not to Compete and the Independent Contractor Agreement are relevant to the issues raised in Plaintiff's amended complaint.

In support of their position, the Defendants rely on *Atlantic Marine Construction Company v. United States District Court for the Western District of Texas,* ___ U.S. ____ , 134 S.Ct. 568, 187 L.Ed.2d 487 (2013).  The Defendants assert that the holding in *Atlantic Marine* requires transfer of this case to New Hampshire because of the language of the forum-selection clause contained in section 6 of the Independent Contractor Agreement (ICA).  Dkt. 28-1.

However, §1404(a) "provides a mechanism for enforcement of forum-selection clauses that point to a particular federal district." *Id.* at p. 579.  For those cases "calling for a nonfederal forum, § 1404(a) has no application, but the residual doctrine of *forum non conveniens* 'has continuing application in federal courts.' (citations omitted)." *Id.* at p. 580.  In this case, section 6 of the ICA designates a state forum and not a federal forum. "[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*. *Id.* at p. 580.  "[B]ecause both § 1404(a) and the *forum non conveniens* doctrine from which it derives entail the same balancing-of-interests standard, courts should evaluate a forum-selection clause pointing to a nonfederal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum." *Id.* at p. 580.

In *Atlantic Marine* the subcontract included a forum-selection clause, which stated that all disputes between the parties "shall be litigated in the Circuit Court for the City of Norfolk, Virginia, or the United States District Court for the Eastern District of Virginia, Norfolk Division." *Id.* at p. 575.  The Supreme Court noted that "when a plaintiff agrees by contract to bring suit only in a specified forum – presumably in exchange for other binding promises by the defendant – the plaintiff has effectively exercised its 'venue privilege' before a dispute arises. Only that initial choice deserves deference, and the plaintiff must bear the burden of showing

1  why the court should not transfer the case to the forum to which the parties agreed." *Id.* at p.
2  582.
3       The issue that requires resolution first then is whether the plaintiff, through the
4  contractual language, agreed to bring suit **only** in the state of New Hampshire.  Another way to
5  state the same issue is whether the forum selection clause is exclusive (mandatory) or
6  permissive.
7       In *Atlantic Marine* the subcontract included a forum-selection clause which stated that all
8  disputes between the parties " 'shall be litigated in the Circuit Court for the City of Norfolk,
9  Virginia, or the United States District Court for the Eastern District of Virginia, Norfolk
10 Division.' " (citations omitted) *Id.* at p. 575.   While the Supreme Court did not discuss a
11 distinction between mandatory and permissive, based on its discussion it clearly concluded that
12 the language of the forum selection clause contained in the subcontract was mandatory.
13      In this case, this Court concludes that the forum-selection clause contained in the ICA is
14 also mandatory.  While the language utilized is somewhat inartful, the language is clear that the
15 parties "shall perform all respective actions under the jurisdiction of the state of New
16 Hampshire."  This language may be distinguished from that used in *Hunt Wesson Foods, Inc., v.*
17 *Supreme Oil Company*, 817 F.2d 75 (9th Cir. 1987).  In *Hunt* the forum selection clause provided
18 that the "courts of California, County of Orange, shall have jurisdiction over the parties in any
19 action at law relating to the subject matter or interpretation of this contract." *Id.* at p. 76.  The
20 Court concluded that this language "mandates nothing more than that Orange County courts have
21 jurisdiction." *Id.* at p. 77.
22      In this case, the language is mandatory in that it states that (1) the parties (2) "shall
23 perform"  (3) "all respective actions under the jurisdiction of the state of New Hampshire."  This
24 language does more than mandate that New Hampshire has jurisdiction.  Instead, through the use

of the word "shall" it obligates or mandates the parties to perform all of their actions under the jurisdiction of the state of New Hampshire. This conclusion follows the primary rule of interpretation that "[t]he common or normal meaning of language will be given to the words of a contract unless circumstances show that in a particular case a special meaning should be attached to it." *Id.* at p. 77. Neither of the parties have suggested that the language contained in the ICA should have a special meaning attached to it.

Having concluded that the forum selection clause is mandatory, the Court then returns to the analysis contained in *Atlantic Marine*. First, inasmuch as the forum selection clause points to a state court § 1404(a) is inapplicable. Instead the Court must conduct a *forum non conveniens* analysis using the same standards articulated in *Atlantic Marine's* analysis under § 1404(a).

The Supreme Court in *Atlantic Marine* discussed the dire consequences should the Court rule in favor of the Defendant on the *forum non conveniens* analysis.

> Unlike a § 1404(a) motion, a successful motion under *forum non conveniens* requires dismissal of the case. *Norwood,* 349 U.S., at 32, 75 S.Ct. 544. That inconveniences plaintiffs in several respects and even "makes it possible for [p]laintiffs to lose out completely, through the running of the statute of limitations in the forum finally deemed appropriate." *Id.,* at 31, 75 S.Ct. 544 (internal quotation marks omitted). Such caution is not warranted, however, when the plaintiff has violated a contractual obligation by filing suit in a forum other than the one specified in a valid forum-selection clause. In such a case, dismissal would work no injustice on the plaintiff.

*Id.*, at 583, FN8.

As noted in *Atlantic Marine*, in a typical case not involving a forum selection clause, a district court "must evaluate both the convenience of the parties and various public-interest considerations." *Id.,* at 581. That calculus, however, changes when a valid forum-selection clause is involved. In that circumstance, a valid forum selection clause should be given controlling weight in all but the most exceptional cases.

"First, the plaintiff's choice of forum merits no weight." *Id.*, at 581. "When a plaintiff agrees by contract to bring suit only in a specified forum – presumably in exchange for other binding promises by the defendant – the plaintiff has effectively exercised its 'venue privilege' before a dispute arises. Only that initial choice deserves deference, and the plaintiff must bear the burden of showing why the court should not transfer the case to the forum to which the parties agreed." *Id.,* at p. 582.

Second, a court evaluating a defendant's motion to transfer based on a forum selection clause (or, as in this case, a converted motion to dismiss based on *forum non conveniens*) "should not consider arguments about the parties' private interests. When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id.,* at 582.

> As a consequence, a district court may consider arguments about
> public-interest factors only. … Because those factors will rarely defeat
> a transfer motion, the practical result is that forum-selection clauses
> should control except in unusual cases. Although it is "conceivable
> in a particular case" that the district court "would refuse to transfer
> a case notwithstanding the counterweight of a forum-selection clause,"
> *Stewart, supra,* at p. 30 – 31, 108 S.Ct. 2239, such cases will not be common.

*Id.,* at p. 582.

The "public interest" factors that remain to be considered include the following: The administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law. *Id.,* at p. 581, FN6. None of these factors outweigh the Court's obligation to enforce a valid forum selection clause. First, there is no evidence before the Court regarding court congestion. While the State of Washington has an interest in protecting its

1  citizens, such interest does not outweigh the valid forum selection clause.  In addition, the Court
2  notes that the parties have already agreed that the Covenant Not to Compete "shall be governed
3  by and construed in accordance with the laws of the State of New Hampshire."  Dkt. 28-2, p. 1.
4  As noted by the Supreme Court, the forum selection clause should control except in unusual
5  cases.  This is not an unusual case.

## CONCLUSION

In light of the fact that the forum selection clause relied on by the Defendants directs that the action be filed in the State of New Hampshire, 28 U.S.C. § 1404(a) is not applicable and the Court has no authority to transfer this case pursuant to that statute.  The Court is required, however, to analyze the Defendants' motion to transfer as a motion to dismiss based on *forum non conveniens*.  Having concluded that the forum selection clause in the ICA is mandatory and having conducted the analysis directed by *Atlantic Marine*, the Court concludes that the Plaintiff's claims shall be **DISMISSED** and the Defendants' converted motion is **GRANTED.**

DATED this 13th day of August, 2014.

Karen L. Strombom
United States Magistrate Judge